J-A25001-14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

COMMONWEALTH OF PENNSYLVANIA, : IN THE SUPERIOR COURT OF
:         PENNSYLVANIA
        Appellee : 
:
        v. :
:
NICOLETA COMOARA, :
:
        Appellant : No. 513 EDA 2014

Appeal from the Judgment of Sentence January 17, 2014,
Court of Common Pleas, Philadelphia County,
Criminal Division at No. CP-51-SA-0005298-2013

BEFORE:  DONOHUE, WECHT and PLATT*, JJ.

MEMORANDUM BY DONOHUE, J.: **FILED SEPTEMBER 26, 2014**

Nicoleta Comoara ("Comoara") appeals from the judgment of sentence entered following her conviction of meeting or overtaking a school bus, 75 Pa.C.S.A. § 3345.  We affirm.

On September 23, 2014, Officer Ned Felici issued Comoara a citation for violating § 3345 of the Vehicle Code after he observed her drive around a school bus that had its lights flashing and side arm extended while children were alighting.  Comoara contested the citation and filed a notice of summary appeal.  The matter was heard before the trial court on January 17, 2013, at the conclusion of which the trial court found Comoara guilty.  Comoara filed a timely notice of appeal.  The trial court ordered Comoara to file Pa.R.A.P. 1925(b) a statement of matters complained of on appeal, and Comoara complied.

---

*Retired Senior Judge assigned to the Superior Court.

Comoara raises the following issue for our review:

> Was the evidence insufficient to sustain [Comoara's] conviction for either meeting or overtaking a school bus since the evidence did not establish that [Comoara] met or overtook a school bus while the red signal lights on the school bus were flashing and the side stop signal arm activated[?]

Appellant's Brief at 2.

In support of her claim, Comoara argues only that the trial court erred in accepting Officer Felici's testimony as credible over her own. Appellant's Brief at 6-7. "An argument that the finder of fact should have credited one witness' testimony over that of another witness goes to the weight of the evidence, not the sufficiency of the evidence." *Commonwealth v. Gibbs*, 981 A.2d 274, 282 (Pa. Super. 2009). As Comoara did not include a challenge to the weight of the evidence as to her convictions in her Pa.R.A.P. 1925(b) statement of matters complained of on appeal, she has failed to preserve this argument for purposes of appeal. *Commonwealth v. Rolan*, 964 A.2d 398, 409 (Pa. Super. 2008) ("Where the trial court orders an Appellant to file a concise statement of matters complained of on appeal … any issue not contained in that statement is waived on appeal."); Pa.R.A.P. 1925(b)(4)(vii). Furthermore, the "[f]ailure to challenge the weight of the evidence presented at trial in an oral or written motion prior to sentencing or in a post-sentence motion will result in waiver of the claim." *Commonwealth v. Bryant*, 57 A.3d 191, 196 (Pa. Super. 2012). The

record reveals that Comoara did not challenge the weight of the evidence at any time before the trial court; accordingly, even if she had included a challenge to the weight of the evidence in her Rule 1925(b) statement, we would still find this issue waived.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/26/2014